Margaret A. BACKES, Executrix of the
Estate of Fred R. Backes, Deceased,
Plaintiff,

v.

GENERAL MOTORS CORPORATION,
Defendant.

Civ. A. No. 28315.

United States District Court
E. D. Pennsylvania.

Aug. 7, 1961.

Avram G. Adler, Philadelphia, Pa., for
plaintiff.

Norman Paul Harvey, Philadelphia,
Pa., for defendant.

WELSH, Senior District Judge.

On or about July 10, 1958, plaintiff's
decedent submitted to a regular medical
examination by a physician acting at the
behest and as an agent of the defendant,
said medical examination included an X-
ray examination of the decedent's lungs.
Immediately following said medical ex-
amination, defendant, by its agents, ser-
vants, workmen and employees, knew or
should have known that a malignant con-
dition had evidenced itself in decedent's
lungs, which condition required immedi-
ate attention and treatment. Notwith-
standing such knowledge, the defendant
failed and neglected to inform plaintiff's
decedent of the existence of the aforesaid
condition. Plaintiff's decedent did not
become aware of the aforesaid malignant
condition until May of 1959, at which
time he immediately submitted to sur-
gery on May 25, 1959, following which
he died on July 21, 1959 of lung cancer.

After reciting the above allegations,
the instant complaint seeks damages of
the defendant on the ground that the
failure of its agents to advise plaintiff's
decedent of the malignant condition con-
stitutes negligence and that said negli-
gence was the cause of plaintiff's dece-
dent's death.

The matter before the Court at this
time is defendant's motion to join Dr.
Harry Shay and Dr. George P. Rose-
mond as third-party defendants.

Insofar as it relates to Dr. Shay, the
proposed third-party complaint avers that
at least as early as November 6, 1956,
and until decedent's death on July 21,
1959, decedent was Dr. Shay's patient and

was under his care and treatment, during which period Dr. Shay made numerous examinations and studies of decedent and supervised examinations and studies made by his agents, servants and employees.

Insofar as it relates to Dr. Rosemond, the proposed third-party complaint avers that during the same period plaintiff's decedent was also under the care and treatment of Dr. Rosemond who made numerous examinations and studies of the decedent, performed a lobectomy and supervised other examinations and studies made by his agents, servants and employees.

The proposed third-party complaint then avers that both Dr. Shay and Dr. Rosemond were careless and negligent in failing to discover the malignant condition of decedent's lung and in failing to render the proper treatment once it was discovered.

Although not specifically alleged in the proposed third-party complaint, it is assumed that the position of the defendant is that the alleged failures of Dr. Shay and Dr. Rosemond constitute negligence and that said negligence caused decedent's death, for it is averred in the proposed third-party complaint that if defendant is held responsible to the plaintiff it demands judgment against both Dr. Shay and Dr. Rosemond by way of contribution or indemnity.

The above allegations of the proposed third-party complaint having been considered and the oral arguments of counsel having been heard, the Court now makes the following findings and conclusions:

1. Federal Civil Rule 14(a), 28 U.S. C. permits the joinder of a third party who may be liable to the defendant by way of indemnity or contribution.

2. The allegations of the proposed third-party complaint are insufficient to support a claim for indemnity against either Dr. Shay or Dr. Rosemond, as it does not appear that they were active wrongdoers [1] or that there exists an expressed or implied contract between them and the defendant.

3. The allegations of the proposed third-party complaint are insufficient to sustain the claim for contribution insofar as Dr. Rosemond is concerned. Although it is alleged that the acts of negligence on the part of both Dr. Shay and Dr. Rosemond occurred prior to and subsequent to the regular medical examination of July 10, 1958, it was stated by counsel for the defendant that he intends to rely on acts of negligence which occurred prior to July 10, 1958. As the record discloses that Dr. Rosemond first saw plaintiff's decedent almost one year after the medical examination of July 10, 1958, the medical examination which disclosed the malignant condition, and then only to diagnose and operate on the carcinoma in question, it is obvious that Dr. Rosemond cannot be adjudged negligent and cannot be liable to defendant for contribution.

4. The allegations of the proposed third-party complaint are sufficient to sustain defendant's claim for contribution against Dr. Shay. For, it is alleged in the proposed third-party complaint that plaintiff's decedent was a patient of Dr. Shay as early as November 6, 1956 and until his death on July 21, 1959, or as stated by counsel for defendant, until July 10, 1958, during which period Dr. Shay was negligent in failing to discover the malignant condition of decedent's lung and in failing to render the proper treatment once it was discovered. These allegations, if established, would make Dr. Shay liable to the defendant for contribution.[2]

---

1. In its brief, defendant stated that it may be able to establish indemnity on the ground that Dr. Shay and Dr. Rosemond were active wrongdoers. At the oral argument, however, defendant did not press the point.

2. It was contended by counsel for plaintiff that the third-party claim for contribu-

For reasons stated herein, we will deny defendant's motion for leave to join Dr. Rosemond as a third-party defendant and we will grant defendant leave to file a third-party complaint against Dr. Shay, said third-party complaint to include a claim for contribution only.

An appropriate order will be prepared and submitted by counsel for defendant.

tion is not proper as the alleged torts of the defendant and third-party defendant, Dr. Shay, are not joint torts but separate torts. We were not persuaded by this argument for the reason that the condition of plaintiff's decedent was a continuing one and, therefore, it may be established at trial that each tort contributed to the death.